IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                      Civil Action No. _____

M1 5100 CORP., d/b/a JUMBO
SUPERMARKET, INC.,

        Defendant.
_____/

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a) (the "ADEA"). The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant M1 5100 Corp. doing business as Jumbo Supermarket, Inc. ("Jumbo Supermarket" or "Defendant"), discriminated against Charging Party Angela Araujo Guerrero ("Ms. Guerrero") when it reduced her pay and fired her because of her age in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 623(a)(1), 29 U.S.C. § 626 (b) and (c), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

## PARTIES

3. The EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. The Defendant owns and operates grocery store supermarkets located in Palm Beach County, Florida.

5. At all relevant times, the Defendant has continuously done business in Florida, and has continuously had at least twenty employees.

6. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C.

§§ 630(b), (g), and (h).

## ADMINISTRATIVE PROCEEDINGS

7. More than thirty days prior to the institution of this lawsuit, Ms. Guerrero filed a charge of discrimination with the Commission against Defendant alleging age discrimination in violation of the ADEA.

8. The Commission sent Defendant notice of Ms. Guerrero's discrimination charge.

9. The Commission issued a Letter of Determination on March 20, 2019 finding reasonable cause to believe that Defendant discriminated against Ms. Guerrero because of her age.

10. The Commission's representatives attempted to eliminate discriminatory practices and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(d).

11. The Commission was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Ms. Guerrero was born in 1959.

14. Jumbo Supermarket owns and operates grocery store supermarkets.

15. Jumbo Supermarket has two store locations: a larger supermarket located at 5100 Lake Worth Road, Green Acres, Florida (hereafter referred to as "Jumbo Supermarket #1") and a smaller supermarket located at Woodlake Plaza, 5851 Lake Worth Road, Greenacres,

Florida (hereafter referred to as "Jumbo Supermarket #2").

16.     On or about June 2016, Ms. Guerrero began working at Jumbo Supermarket #1 as Cook Manager before that location opened to the public.

17.      For the store opening Ms. Guerrero was responsible for hiring employees for the cafeteria and cooking departments.

18.     As Cook Manager, Ms. Guerrero managed the store cafeteria.

19.     After several months working as Cook Manager, Ms. Guerrero received a pay increase.

20.     When Ms. Guerrero started working at Jumbo Supermarket #1, her direct supervisor and general manager of the store was Julio Perez.

21.     In late 2016, Mr. Perez was transferred to the Jumbo Supermarket #2 to be its General Manager.  Mr. Perez was replaced by a new General Manager, Felipe Peralta, to work at Jumbo Supermarket #1.

22.     As General Manager, Mr. Peralta became Ms. Guerrero's direct supervisor.

23.     Soon after Mr. Peralta became General Manager, when Ms. Guerrero arrived to open the store one morning for her regular shift, a new employee was working there performing her job.

24.     Ms. Guerrero's replacement was more than twenty years younger than Ms. Guerrero.

25.     No one had informed Ms. Guerrero that she was replaced or that another person was hired to do her job.

26.     Mr. Peralta, along with his secretary, met with Ms. Guerrero in his office.  Mr.

Peralta told Ms. Guerrero something along the lines of, "Old lady, what are you doing here?" and asked her to take off her apron.

27. Mr. Peralta informed Ms. Guerrero that she was too old already and that it was time for her to rest.

28. Mr. Peralta told Ms. Guerrero that if she did not want to leave Jumbo Supermarket, he could assign Ms. Guerrero to work as the assistant of her replacement, which would have resulted in a reduction in pay for Ms. Guerrero.

29. Mr. Perez was visiting Jumbo Supermarket #1 on that day and intervened. He offered to transfer Ms. Guerrero to the Jumbo Supermarket #2 where he was General Manager.

30. Ms. Guerrero was then transferred and began working at Jumbo Supermarket #2, but with less pay.

31. A few months later, Mr. Perez stopped working for Jumbo Supermarkets and Mr. Peralta replaced Mr. Perez, becoming the General Manager of Jumbo Supermarket #2 where Ms. Guerrero worked.

32. On March 6, 2017, Mr. Peralta terminated Ms. Guerrero. Mr. Peralta had already hired her replacement, an employee over twenty years younger than Ms. Guerrero. Mr. Peralta told Ms. Guerrero something along the lines of, "Look old lady, we have to give opportunities to new people, old lady what is it that you are looking for here . . . it's time for you to rest."

33. Mr. Peralta then handed her a termination letter and asked Ms. Guerrero to sign it. Ms. Guerrero did not sign the termination letter because it was written in English and she did not read English well.

34. Mr. Peralta and Ms. Guerrero communicated to each other in Spanish.

35. Mr. Peralta did not translate the termination letter for Ms. Guerrero.

36. On that same day of March 6, 2017, Ms. Guerrero sought the help of Monica Alvarez, who worked in Human Resources for Jumbo Supermarket. Ms. Guerrero showed Monica Alvarez the termination letter that Mr. Peralta had given her.

37. Later that same day, Ms. Alvarez provided a second termination letter to Ms. Guerrero, giving her a copy in English and a copy in Spanish.

38. The contents of the first termination letter stated that Ms. Guerrero was being terminated for performance problems.

39. The contents of the second and final termination letter did not cite any performance problems. Instead, the letter stated that Ms. Guerrero was being terminated because Jumbo Supermarket no longer needed her services.

40. Throughout Ms. Guerrero's employment at Jumbo Supermarket, she had no write-ups or memorandums regarding any poor work performance issues.

41. As a result of Defendant's unlawful employment practices, Ms. Guerrero suffered damages.

## STATEMENT OF CLAIMS

42. Paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

43. Defendant has intentionally discriminated against Angela Araujo Guerrero by reducing her pay because of her age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

44. Defendant has intentionally discriminated against Angela Araujo Guerrero by

terminating her because of her age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

45.     The unlawful employment practices complained of in paragraphs 1 through 41 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

46.     Grant a permanent injunction enjoining the Defendant, its officers, parent(s), successors, assigns, agents, managers, employees and all persons in active concert or participation with it, from engaging in employment practices which discriminate against employees on the basis of age;

47.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

48.     Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages and pre-judgement interest to Ms. Guerrero as a result of the acts complained of above;

49.     Order Defendant to make whole Ms. Guerrero who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including but not limited to, reinstatement for Ms. Guerrero;

50.     Grant such other further relief as the Court deems necessary and proper in the public interest; and

51. Award the Commission its costs in this action.

## **JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated:  September 26, 2019.

                                                  Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel
JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT WEISBERG
Regional Attorney
BEATRIZ ANDRE
Supervisory Trial Attorney

s/Carmen Manrara Cartaya
CARMEN MANRARA CARTAYA
Trial Attorney
Florida Bar No.  0073887
U.S. Equal Employment Opportunity
Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 786-648-5811
Fax: 305-808-1835
Carmen.Cartaya@eeoc.gov