UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:19-cv-81320-WPD

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.

M1 5100 CORP., d/b/a JUMBO
SUPERMARKET, INC.,

      Defendant.
_____/

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MOTION TO COMPEL A PRIVILEGE LOG, BETTER DISCOVERY RESPONSES, AND FEES**

**Overview**:  Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") sued Defendant M1 5100 Corp. d/b/a Jumbo Supermarket ("JUMBO"), for paying Angela Guerrero, a Cook Manager, less wages and terminating her because of her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). There are four discovery disputes between the parties, and several issues to which the parties agreed in conferral, but to which JUMBO has not produced the discovery. Thus, the EEOC seeks Court intervention pursuant to Fed. R. Civ. P. 37, and this Court's Order (D.E. No. 20), to compel JUMBO to produce responsive documents to the EEOC's First Request for Production of Documents ("DR), provide complete interrogatory responses to the EEOC's First Set of Interrogatories ("Rogs."), and produce a privilege log within 14 days of the Court's issuance of its order on this motion.  *See* **Ex. 1** (DR); **Ex. 2** (Rogs.).

## I. Discovery Issues in Dispute

**Reasons for Transfer, Rog. 6**.  Soon after Felipe Peralta became Ms. Guerrero's General Manger, she was transferred from one JUMBO location to another, demoted, and received less pay.  *See* Comp. (D.E. No. 1, ¶ 23-30). Rog. 6 asks for all the reasons for Ms. Guerrero's transfer and job changes.  JUMBO's objection is limited to saying that Rog. 6 "assumes facts not admitted to" in reference to Ms. Guerrero's transfer and that the interrogatory "cannot be responded as drafted."  At conferral, counsel for JUMBO explained that the descriptions or addresses used in Rog. 6 regarding the two JUMBO locations were technically incorrect as written, and therefore, JUMBO did not need to respond to this interrogatory.

*First*, JUMBO's factual assertion that the addresses are incorrect are without merit and contradict JUMBO's own pleadings. The addresses cited in EEOC's Rog. 6 are the same addresses EEOC cited in its Complaint as being the two relevant locations, and in its Answer, First Amended Answer, and Second Amended Answer Defendant "[a]dmitted that the Defendant operates two locations at the addresses alleged." *See* D.E. Nos. 12, 27, 34 ¶ 15. JUMBO did not want to explain or elaborate on what it believed to be incorrect about the interrogatory.  *Second*, JUMBO's objections are not valid. Ms. Guerrero's transfer to a different location and change in pay and position are relevant to this dispute. And, "[t]o show that the requested discovery is otherwise objectionable, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome." *Reilly v. Chipotle Mexican Grill, Inc.*, No. 15-23425-CIV, 2016 WL 10646561, at *2 (S.D. Fla. Sept. 22, 2016). JUMBO has failed to set forth a valid objection to EEOC's request for relevant information, and thus JUMBO should answer Rog.6.

**Training on Age Discrimination, Rog. 8**.   The EEOC sued JUMBO for discriminating against Ms. Guerrero because of her age and for doing so willfully.  In proving willfulness, whether the

bad actors had knowledge about the ADEA or whether the bad actors had knowledge that treating employees differently on the basis of age is wrong, is relevant evidence. *See E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1250 (11th Cir. 1997) (analyzing whether employer had knowledge about the ADEA to determine whether a jury could find willfulness under the ADEA).

At conferral, JUMBO refused to revise its interrogatory and fully answer whether ADEA training was provided, required, or shared with JUMBO General Managers and owners. JUMBO has not raised any objections to this interrogatory and provided no reason for its failure to fully respond to the interrogatory, and therefore, any objection is waived.

**Reason for Peralta's Termination, Rog. 10**. Mr. Peralta, the General Manager who terminated Ms. Guerrero because of her age, was himself later terminated by JUMBO. The EEOC seeks to understand the facts and circumstances regarding Mr. Peralta's termination. For its response, JUMBO only provided Mr. Peralta's one-page termination letter but failed to answer: (i) the facts and circumstances regarding Mr. Peralta's separation; (ii) who made the decision to terminate Mr. Peralta; (iii) information relied upon for his termination; and (iv) what the unauthorized actions and unjustifiable conduct that Mr. Peralta committed were –as referenced in his termination letter. Rule 33(d) permits parties to identify business records to answer an interrogatory, but "[t]o the extent any interrogatory has not been or cannot be fully answered by a detailed reference to business records that have been produced, a traditional style response must be provided." *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *4 (M.D. Fla. Jan. 27, 2006). Here, reference to Mr. Peralta's termination letter did not "fully answer" Rog. 10, and thus a traditional style response must be provided. *See Taylor v. Bradshaw*, No. 11-80911-CIV, 2014 WL 6459978, at *7 (S.D. Fla. Nov. 14, 2014) (granting motion to compel and ordering plaintiff to produce "full and complete responses" to interrogatories). Accordingly, the Court should order JUMBO to answer Rog. 10 completely.

**JUMBO Must Allow for Inspection of ESI**. JUMBO agreed to make its ESI available for inspection and copying. *See* Joint Scheduling Report, D.E. No. 18. Pg. 5 ("Defendant represented it would produce ESI in .pdf and/or inspection of ESI."). The EEOC believes JUMBO's ESI is incomplete because of the small number of documents produced and because JUMBO allowed employees to self-collect ESI without involvement of attorneys. In response to the EEOC's document requests, JUMBO has produced a total of twenty-two **pages**, and for DR Nos. 3, 8, 9, 12, 13, 14, 15, 16, 17, 29, and 36, JUMBO stated that it does not have **any** responsive documents. During conferral, JUMBO's counsel stated that it had no information or knowledge as to how searches were conducted for documents and explained that the client did the review and collection. When a client engages in self-collection of ESI it is highly problematic to the discovery process. *See e.g., In re: Abilify (Aripiprazole)*

2

*Prods. Liab. Litig.*, No. 3:16-md-2734, 2017 WL 9249652, at *3 (N.D. Fla. Dec. 7, 2017) ("[S]elf collection by a layperson of information on an electronic device is highly problematic and raises a real risk that data could be destroyed or corrupted."). When pressed by the EEOC, JUMBO agreed to provide the following information on JUMBO's ESI search efforts, in particular for DR Nos. 12, 14, 15, 16, and 17 that seek communications among key players: 1) list of all the email addresses searched; 2) list of all the phones searched (phone number and name of person the phone corresponds to); 3) list of all the text messages searched (devices searched, apps searched (i.e. whatsapp, skype, imessage)); 4) list of all phone records searched; 5) list of all devices searched (computers, laptops, ipads, etc); 6) how were the searches conducted; 7) what search terms were used; what were the terms and connectors; and 8) how many hits as a result of each search used. But, Defendant has not provided this information.

The EEOC tried to schedule the inspection agreed to by the parties, but JUMBO responded saying that "[t]o the extent there is relevant ESI to inspect, it should be done with targeted searches and limited to specific sources, which will be flushed out after responses to discovery are submitted." Email from D. Vecchio March 20, 2020. JUMBO has not taken any steps to comply with the scheduling order, or to properly collect ESI. Thus the EEOC requests the Court order JUMBO to permit the EEOC to inspect its relevant sources of ESI within two weeks of entering an order on this motion. In the alternative, the EEOC requests that the Court compel JUMBO to confer with the EEOC so that the parties can reach an agreement about relevant ESI sources, custodians, and search terms. *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 109–10 (E.D. Pa. 2010) (ordering parties to "confer and come to some agreement on the search terms that Defendants intend to use, the custodians they intend to search, the date ranges for their new searches, and any other essential details about the search methodology they intend to implement").

II.     **Discovery JUMBO Agrees to Provide but Fails to Produce**

The EEOC engaged in substantial conferral efforts and, as a result, JUMBO agreed to produce certain responsive information on May 15th. On May 15th, however, JUMBO asked for a last-minute extension until May 22nd, needing more time for the client to gather supplemental documents and provide supplemental responses. On May 22nd, JUMBO asked for another extension until May 27th explaining that they have been unable to connect with their client. On May 29th, JUMBO again said it was unable to provide the supplemental discovery responses because they were unable to speak to their client until the day before and had "other urgent deadlines." JUMBO said it "anticipated" finalizing the supplemental discovery within the next week, [week of June 1st]. On June 5th, counsel provided an update citing "communication issues" with its client as reason for its delay. *See* **Ex. 3** (Emails of JUMBO's extension requests). For these reasons, the EEOC is forced to seek Court intervention to

order JUMBO to produce agreed information. The EEOC requests that the Court order JUMBO to produce responsive information within fourteen days of the Court's issuance of its order on this motion. The information JUMBO agreed to produce by May 15th is summarized below:

**Privilege Log**. JUMBO asserted privilege objections to DR Nos. 10 and 23 but did not produce a privilege log. JUMBO agreed to produce a privilege log but has not done so. A privilege log is required by Fed. R. Civ. P. 26(b)(5)(A) and Local Rule 26.1(e)(2)(B)(ii)(a). JUMBO must also confirm whether it is withholding any documents related to the EEOC's administrative investigation of Ms. Guerrero's Charge of Discrimination. *See* DR No. 10.

**Employee Lists DR No. 18**. The EEOC narrowed this request and JUMBO agreed to produce employee lists for the two JUMBO locations where Ms. Guerrero worked for the time period beginning on the date of when Ms. Guerrero began her employment until March 31, 2017.

**Personnel Records DR No. 21**. The EEOC narrowed this request and JUMBO agreed to produce the following information for each individual listed in DR No. 21 (except for Ms. Guerrero): (1) all discrimination complaints; (2) all performance reviews; (3) all employee complaints; (4) complete job descriptions; and (5) all performance expectations. The parties agreed this request would *not* include payroll or health information.

**Ownership Structure DR No. 26**. In response to this request, JUMBO agreed to produce an organizational chart or other documents that explain the chain of command for employees and management at JUMBO.

**Time Records DR No. 33**. In response to this request, JUMBO agreed to produce the time records for the date Ms. Guerrero was transferred to a different JUMBO location and the time records for the date that Ms. Guerrero was terminated.

**Termination Letters DR No. 39**. Key documents include two different versions of termination letters Ms. Guerrero received from JUMBO on the day she was terminated. The first termination letter cites to various performance issues Ms. Guerrero was having as reasons for her termination. The second termination letter—that has two version, one in English and another in Spanish—state that she is being terminated because her position is no longer needed. JUMBO claims that Mr. Peralta, the General Manager of JUMBO, did not have the authority to fire Ms. Guerrero nor to issue the termination letters.

JUMBO agreed to produce documents in response to DR No. 39 after the EEOC shared with JUMBO copies of the three termination letters. Specifically, JUMBO agreed to provide, as requested, any drafts, revisions, edits, track changes for the three termination letters, plus the metadata for these three documents –date created, author, custodian, and date revised. The EEOC is entitled to the

metadata for these termination letters to "nail down all of the information concerning th[ese] rather central document[s]." *See Henderson v. Tallahassee Mem'l Healthcare, Inc.*, No. 4:09CV208-RH/WCS, 2010 WL 11527305, at *1 (N.D. Fla. Jan. 7, 2010). Indeed, the "Federal Rules of Civil Procedure do not set a higher standard for discovery of metadata." *Id.* "Metadata reveals the author of the document, as well as who generated the document, where it was stored, who was in possession of the file, when it was created, when and where it was last accessed, and when and where it was last modified or saved"– all information that is relevant to assess the contents' credibility and to understand the facts surrounding the creation and evolution of the termination letters. *In re Netbank, Inc. Sec. Litig.,* 259 F.R.D. 656, 681, n.24 (N.D. Ga. 2009) (citing *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.,* No. 6:07–cv–222–Orl–35KRS, 2009 WL 546429, at *2 n. 5 (M.D. Fla. Mar. 4, 2009)). JUMBO has not produced any response to DR No. 39.

**Missing Documents DR Nos. 27, 28, 34, 35, 37**. For these document requests, JUMBO's response was "[n]one at this time" citing Covid-19 as the reason Defendant had been unable to gather the documents. JUMBO agreed that there was the possibility of additional documents left to produce and agreed to produce a supplemental production by May 15th. To the extent there are no additional documents to produce, JUMBO agreed to amend its response and state so.

**Revise Rogs. 3, 4, and 9**. JUMBO agreed to revise its responses for Rogs. 3 and 4 in light of the copies of the termination letters the EEOC shared with JUMBO. For Rog. 9, the parties agreed to narrow the scope of the interrogatory, and JUMBO agreed to provide an employee list of all individuals hired to work at JUMBO for the two JUMBO locations that Ms. Guerrero worked at, for the period beginning on the date Ms. Guerrero's employment started until March 31, 2017. The list JUMBO agreed to produce includes the following: (i) first and last name; (ii) date of hire; (iii) all persons involved in making the decision to hire the individual; (iv) rate of pay for hired individual; (v) position and department individual was hired for; and (vi) date of birth of hired individual.

**Fees and Costs**. The EEOC requests fees and costs pursuant to Rule 37 if the Court grants the motion to compel. None of JUMBO's responses or objections are substantially justified, making the award of fees and costs to the EEOC just. *See Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 409534, at *3 (S.D. Fla. Jan. 24, 2020). Plus, JUMBO's significant delays on agreed upon discovery, gave the EEOC no choice but to expend resources to file this motion.

Respectfully submitted June 10, 2020.

## **CERTIFICATE OF CONFERRAL**

Undersigned Counsel for EEOC and Counsel for Defendant conferred various times, by outlining issues in writing and discussing by telephone, concerning the issues addressed in this motion, but were unable to resolve these discovery disputes.

/s/ Carmen Manrara Cartaya
Carmen Manrara Cartaya
Trial Attorney
Fla. Bar No. 73887
E-mail:  carmen.cartaya@eeoc.gov
Telephone: (786) 648-5811
U. S. Equal Employment
Opportunity Commission
Miami District Office
Two South Biscayne Blvd., Suite 2700
Miami, FL 33131

## *CERTIFICATE OF SERVICE*

I, Carmen Manrara Cartaya, HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day on all parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Carmen Manrara Cartaya
Carmen Manrara Cartaya

## **SERVICE LIST**

Carmen Manrara Cartaya
Trial Attorney
U.S. Equal Employment
Opportunity Commission
Beatriz Andre
Supervisory Trial Attorney
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Telephone: (786) 648-5811
*Attorneys for Plaintiff*


Defenders of Business
Adi Amit, P.A.
101 NE Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Telephone (954) 533-5922
*Attorneys for M1 5100 Corp*