**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 9:19-cv-81320-WPD

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,
v.

M1 5100 CORP., d/b/a JUMBO
SUPERMARKET, INC.,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

    Defendant, M1 5100 CORP., by and through undersigned counsel, hereby files its Response to Plaintiff's Motion to Compel A Privilege Log, Better Discovery Responses, and Fees ("Plaintiff's Motion") [*DE #35*], and in support, states as follows:

**Relevant Facts**

    On June 15, 2020, Defendant served its Supplemental Responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production. Likewise, on the same day Defendant responded to Plaintiff's discovery conferral email with its comments and understandings to Plaintiff's interpretation of the discussions and/or agreements made at conferral and communicated Defendant's search efforts for ESI to Plaintiff.

**Discovery Issues in Dispute**

    **Interrogatory Number 6**: Defendant does not contend that the addresses are incorrect or that it did not operate Jumbo Supermarkets at the identified locations. Defendant is concerned that responding to this interrogatory as drafted, may prejudice its argument against Plaintiff's allegations that the Charging Party received less pay when she was transferred to another location, especially if the response is presented at trial. Further, a response may be taken as an adoption of the facts stated in the interrogatory are true, and potentially may cause confusion to the sequence of factual events in this matter.

    First, the interrogatory assumes that the Charging Party started working at 5100 Lake Worth Road and that it is the larger location—facts not admitted to. Second, the inaccurate

1

description of the second store location assumes that the Charging Party ended her employment while working at 5851 Lake Worth Road and that it is the smaller location—facts not admitted to. As such, Defendant should not be compelled to respond to this interrogatory as drafted.

**Interrogatory Number 8**: Defendant provided Plaintiff a Supplemental Response to this Interrogatory, that answered whether ADEA training was provided to its managers and owners.

**Interrogatory Number 9**: Defendant objected to this interrogatory in its initial response to Plaintiff's First Set of Interrogatories ("Rogs") on grounds that it is overbroad, irrelevant, and concerns of privacy. *See DE #35-2* at 5. During conferral, the parties discussed the potential scope and relevancy of this Rog. Plaintiff argues that the parties reached an agreement on the scope and relevancy of this Rog; however, Plaintiff's rendition of the discussion is not the understanding of undersigned. Likewise, after further consideration Defendant does not agree to the purported agreement on the scope and relevancy stated in Plaintiff's Motion and maintains its objections. In addition, Defendant served a supplemental response to this Rog that provided additional explanation and support to the objections.

First, Plaintiff's relation to Plaintiff's First Request for Production of Documents ("DR") number 18 and this Rog. is inappropriate, as the Rog. requests information on individuals Defendant *hired* from July 1, 2016 to July 31, 2017, whereas the DR 18 pertains to all of Defendant's employees from January 1, 2015 to December 31, 2017 and the specific information requested varies. The two discovery requests are different and combing the scope and relevancy of the two only made understanding the scope and relevant information of the two more confusing.

Second, even if the Rog. is narrowed to the two locations the Charging Party worked at, it would still include information on individuals hired to work at the other store location that the Charging Party was not working at during the time period stated in the Rog. Further, Plaintiff's alleged claims are for reducing the Charging Party's pay and firing her because of her age—not the hiring practices of Defendant. Additionally, the date of hire for any individual after the Charging Party was terminated is unnecessary because Plaintiff's Complaint alleges that when the Charging Party was terminated on March 6, 2017 her replacement was already hired.

Lastly, it is Defendant's position that the Charging party was terminated without Defendant's authorization and by a former employee who was acting outside the scope of his employment. Permitting discovery on all individuals *hired* by the Defendant from July 1, 2016 to July 31, 2017, is not proportional to the needs of Plaintiff's alleged claims of reducing the pay and

terminating the Charging Party because of her age. *See Ramsay v. Broward Cty. Sheriff's Office*, No. 05-61959, 2006 U.S. Dist. LEXIS 102852, *3-4 (S.D. Fla. Nov. 17, 2006).

**Interrogatory Number 10**: Plaintiff argues that Mr. Peralta's Termination Letter does not provide the facts and circumstances, or information relied upon regarding Mr. Peralta's termination, despite the letter providing the reasoning for Mr. Peralta's termination. In addition, Plaintiff argues the letter does not provide who terminated Mr. Peralta, yet the letter is signed by Mr. Peralta and the owner of the Defendant. Further, Plaintiff is attempting to rewrite the interrogatory by requesting additional information relating the facts and circumstances referenced in the letter that Defendant identified to answer this interrogatory. Notwithstanding, Defendant served a supplemental response to this Rog that provided additional information pertaining to the Rog. To the extent Plaintiff is dissatisfied with the information provided in the letter and Defendant's supplement response, Plaintiff has the liberty to conduct further discovery regarding the Responses.

**Document Request Number 18**: Defendant objected to this request in its initial response to this DR on grounds that it is overbroad, irrelevant, and concerns of privacy. *See* ***DE #35-1*** at 4. During conferral, the parties discuss the scope and relevancy of this DR, and after further consideration Defendant does not agree to the purported agreement on the scope and relevancy stated in Plaintiff's Motion and maintains its objections. In addition, Defendant served a supplemental response to this DR that provided additional explanation and support to the objections.

First, the DR seeks documents at the two locations the Charging Party worked at, from January 1, 2015 to December 31, 2017, regardless of where the Charing Party was working during such a time period or the purported narrowed time period. Such documents or employee list would include employees who were working at a different store location than the one the Charging Party was working at. *Id.* Likewise, even if the time period was limited to the date the Charging Party began her employment to March 31, 2017, it would still be overbroad as the underlying facts in Plaintiff's Complaint are limited to late 2016 to March 2017.

Second, documents regarding the rate of pay and date of birth for all of Defendant's employees at both locations, includes individuals who did not work in the same or similar position as the Charging Party. Further, during conferral Plaintiff clarified that it was not seeking payroll

3

documents for individuals who did not hold the same or similar position as the Charging Party in DR 21, yet seeks the rate of pay for all of Defendant's employees at two locations.

Lastly, the date of birth for all of Defendant's employees at the two locations who are under the age of 40 have no bearing on Plaintiff's claims under the ADEA, because the ADEA only covers individuals who are the age of 40 or older. Additionally, the date of birth for any of Defendant's employees before late 2016, or after the Charging Party was terminated is overbroad and irrelevant, as underlying facts in Plaintiff's Compliant are limited to late 2016 to March 2017, and Plaintiff alleges when the Charging Party was terminated on March 6, 2017 her replacement was already hired.

**Inspection of ESI**: During conferral, Plaintiff requested Defendant's specific search efforts regarding ESI. At that time, undersigned counsel was not aware of all the specific efforts made. Plaintiff claims that Defendant agreed to disclose more than it agreed-to. Defendant did not agree to disclose the specific email addresses and phone numbers searched, the terms and connectors, and how many hits as a result of each search use during conferral.

On June 15, 2020, undersigned counsel communicated Defendant's search efforts for ESI to Plaintiff by email. In the email, Defendant provided 1) the individuals whose emails were searched; 2) the individuals whose phones were searched; 3) that the text messages on the individuals' phones were searched; 4) that phone records are not within Defendant's possession, but are nonetheless irrelevant because such records would not indicate the communications of the call with any specificity; 5) devices searched; 6) how the searches were conducted; and 7) the search terms that were used. As such, Defendant has provided it ESI search efforts. To the extent Plaintiff is dissatisfied with the volume of Defendant's production and its communicated search efforts, that alone should not warrant Plaintiff to be granted inspection of relevant ESI sources.

### Defendant's Supplemental Responses to Discovery

**No Privilege Log is Required**: Pursuant to Local Rule 26.1(e)(2)(C), a privilege log is required for "documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection *except* the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action." S.D. Fla. L.R. 26.1(e)(2)(C). Defendant's Supplemental Response to Plaintiff's DR 10 and 23, clarifies that the privilege objections cover communications between Defendant and Defendant's attorneys

4

subsequent to September 26, 2019 (date of Plaintiff's Complaint). As such, Local Rule 26.1(e)(2)(C) should not be modified to require a privilege log and no privilege log is required for such privileged communications. *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC*, No. 9:16-cv-81180-Marra/Matthewman, 2017 U.S. Dist. LEXIS 201866, at *11 (S.D. Fla. Dec. 7, 2017).

Further, Defendant also stated in its Supplemental Response to DR 10 that other than a chain of emails between Ms. Leite and Plaintiff's counsel, Carmen Cartaya, and another representative from the EEOC, Elaine McArthur, (which is also within Plaintiff's possession or equally available to Plaintiff) Defendant has not located other documents in its possession responsive to this request.

**Plaintiff's DR 21**: Defendant provided all responsive documents in its initial response to this request for the Charging Party. During conferral, the parties narrowed the scope of this request regarding the other individuals' personnel files, to only possible complaints of discrimination, performance reviews, complaints of employees, their job description, and performance expectations that may be available. Plaintiff also clarified that it is not seeking payroll or health insurance information for these individuals. In Defendant's Supplemental Response, it stated that there are no responsive documents subject to this narrowed scope.

**Plaintiff's DR 26**: The parties agreed to narrow this request to an organization chart or other documents that explain the chain of command for employees and management of Defendant, that may be available. Defendant provided in its Supplemental Response to this request, that there are no responsive documents subject to this narrowed scope.

**Plaintiff's DR 33**: Defendant provided all responsive documents in its initial response to this request. Undersigned counsel reiterated the same to Plaintiff by email on June 15, 2020.

**Plaintiff's DR 39**: In Defendant's Supplemental Response, it stated that there are no responsive documents other than the two terminations letters that Plaintiff provided to Defendant, through its counsel, on April 22, 2020.

**Plaintiff's DR 27, 28, 34, 35, and 37**: Defendant served Plaintiff with Supplemental Responses to these requests. Its Responses, stated there are no responsive documents as to responsibilities, job description, and job duties of the specifically identified individuals. Further, Defendant Amended its Initial Disclosures and removed the reference relating to correspondence regarding Mr. Perez's termination (DR 35). As to the other documents relating to the broad

categories described in its Initial Disclosures, Defendant is not sure as to the specific documents it may use to support its claims or defenses, as discovery is ongoing, it has not received Plaintiff's responses to discovery, and will supplement the response(s) upon its determination of such documents it may use.

**Plaintiff's Rogs 3 and 4**: Defendant served Plaintiff with Supplemental Responses to these requests.

WHEREFORE, Defendant respectfully request that the Court deny Plaintiff's Motion, and award its reasonable fees incurred in having to respond to Plaintiff's Motion, and for such other relief the Court deems just and proper.

Respectfully submitted, this 17th day of June, 2020.

> ADI AMIT, P.A.
> *Attorneys for Defendant*
> 101 Centre
> 101 NE Third Avenue, Suite 300
> Fort Lauderdale, Florida 33301
> Phone: (954) 533-5922
> Fax: (954) 302-4963
> E-mail: Dallan@DefenderOfBusiness.com
>
> By: *s/ Dallan Vecchio*
>   Dallan Vecchio, Esquire
>   Florida Bar No.: 1015654

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2020, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> *s/Dallan Vecchio*
> Dallan Vecchio, Esquire

## SERVICE LIST

*U.S. Equal Employment Opportunity Commission v. M1 5100 Corp.*
S.D. Fla. Case No. 9:19-cv-81320-WPD

Carmen Manrara Cartaya, Esquire
Beatriz Biscardi Andre, Esquire
U.S. Equal Employment Opportunity
Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Carmen.Cartaya@eeoc.gov
Beatriz.Andre@eeoc.gov
*Counsel for Plaintiff*

Sharon Fast Gustafson, Esquire
General Counsel
James L. Lee, Esquire
Deputy General Counsel
Gwendolyn Young Reams, Esquire
Associate General Counsel
U.S. Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, DC 20507

Dallan Vecchio, Esquire
Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 NE Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
dallan@defenderofbusiness.com
adi@defenderofbusiness.com
*Counsel for Defendant*