# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81320-WPD

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

M1 5100 CORP., d/b/a JUMBO SUPERMARKET, INC.,

    Defendant.

_____/

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S REPLY TO EEOC'S MOTION TO COMPEL BETTER DISCOVERY RESPONSES AND FEES

Plaintiff EEOC files its Reply to Defendant's Response (D.E. No. 37) to EEOC's Motion to Compel (D.E. No. 35) ("Motion"). The EEOC moves to compel Defendant M1 5100 Corp., ("JUMBO") to produce responsive documents to EEOC's First Request for Production of Documents ("DR"), and to provide complete responses to EEOC's First Set of Interrogatories ("Rogs."), within fourteen days of the Court's issuance of its order.  The EEOC also requests attorneys' fees for moving to compel.

As set forth below, Defendant's supplemental discovery responses produced June 15th (after Motion) are still deficient. *See* Ex. 1 Suppl. DRs and Ex. 2 Suppl. Rogs. On the same day that JUMBO sent its supplemental discovery, the EEOC explained why it was inadequate. Yet JUMBO ignored the EEOC's conferral efforts and never addressed those deficiencies in its Response nor with the EEOC. The EEOC will address those deficiencies for the Court below.

## PRELIMINARY STATEMENT

As an initial matter, JUMBO has violated the local rules and this Court's order on conferral requirements. *See* 7.1(a)(3) of the Local Rules; *see also*, D.E. No. 20. On April 30th, the EEOC and Defendant's counsel, Mr. Vecchio, conferred about discovery and agreed on many outstanding issues. On May 6th, the EEOC sent JUMBO an email documenting the parties' agreement. JUMBO never provided a substantive response to the EEOC's conferral agreement email, but rather kept informing the EEOC that it needed more time to produce the agreed upon documents. It was not until **after** the EEOC filed its Motion, that JUMBO's counsel, Mr. Vecchio, with whom EEOC had always corresponded, responded substantively on June 15th. He explained that after discussing the discovery agreements with "lead counsel Mr. Amit" JUMBO would no longer stand by the agreements Mr. Vecchio had made back in May.  When the EEOC began the litigation and conferred with Mr. Vecchio about the Scheduling Report, he confirmed he had the authority to negotiate on behalf of JUMBO.  Mr. Vecchio also stated that he does not remember certain agreements, which is more likely because he waited more than six weeks to provide a substantive response to the conferral agreement, rather than the undersigned mischaracterizing the agreement.

### I. Original Discovery Issues in Dispute from Motion to Compel

**Reasons for Transfer, Rog. 6**.  The objections in Jumbo's Response are still deficient[1]. The basis for objections to discovery is relevance and proportionality. The fact that an answer to an interrogatory may prejudice your defense is not an accepted objection. And, to the extent Defendant is referring to admissibility, the "objection" that "facts are not admitted to" is invalid.  *See* Fed. R. Civ. P.

---

[1] JUMBO has not provided a revised response to Rog. 6 and the response provided to Rog. 6 in its First Response to EEOC's Interrogatory still stands.   *See* D.E. No. 35-2 JUMBO's Responses to EEOC's Interrogatories.

26 ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). JUMBO still cannot explain why or how Rog. 6 as written is incorrect or vague.

**Reason for Peralta's Termination, Rog. 10**. JUMBO's supplemented response to Rog. 10 is still incomplete. JUMBO needs to answer the (i) name of the employee that Mr. Peralta wrongfully terminated and (ii) the individual(s) who made the decision to terminate Mr. Peralta. If Defendant's response is that the individual who signed the letter is the decision maker, then JUMBO must actually provide that response in the interrogatory. "For the purposes of the Federal Rules of Civil Procedure, incomplete or evasive interrogatory answers are treated as a **failure to answer**." *Dollar v. Long Mfg., N. C., Inc.,* 561 F.2d 613, 616 (5th Cir.1977) (emphasis added).

**JUMBO Must Allow for Inspection of ESI**. Now that JUMBO provided some information on ESI collection it is only more evident that it did not conduct a reasonable inspection of ESI as required by the Rules. *See In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-MD-2734, 2017 WL 9249652, at *4 (N.D. Fla. Dec. 7, 2017) (explaining that the Federal Rules require a party to conduct a reasonable search for ESI by searching relevant electronic devices, including cell phones, computers and tablets). Nor has JUMBO complied with its agreement in the parties' scheduling order to allow the EEOC to inspect Defendant's ESI. *See* Joint Scheduling Report, D.E. No. 18. Pg. 5 ("Defendant represented it would produce ESI in .pdf and/or inspection of ESI.").

The collection is deficient for the following reasons:

- JUMBO has not searched the emails of Felipe Peralta, even though JUMBO admits that Mr. Peralta was the one who terminated Ms. Guerrero.
- Ms. Leite and Ms. Alvarez searched ESI without involvement of counsel even though they are both interested parties and Ms. Alvarez was centrally involved in terminating Ms. Guerrero.
- JUMBO provided no information as to what Ms. Leite or Ms. Alvarez searched within phones and desktops —including what email addresses were searched and whether Microsoft word, excel, or personnel records were searched.
- JUMBO listed the search terms used, which JUMBO unilaterally chose without conferral with the EEOC, but is refusing to provide any information on the number of hits these searches resulted nor any information as to the terms and connectors used. *See* Response at 4.

This deficient self-collection resulted in "discrepancies and inconsistencies" with Defendant's production. Notably Ms. Guerrero's termination letters did not come up in the "searches" that Ms. Leite and Ms. Alvarez did, even though these are documents that contain Ms. Guerrero's name and are key documents. *See* DE No. 35-1, Resp. No. 39[2]. The same is true with documents regarding EEOC's

---

[2] Upon receiving this response, the EEOC emailed JUMBO's counsel copies of the relevant termination letters. *See* Ex. 1, Supp. DR 39, ("Other than the two termination letters that Plaintiff provided to the Defendant, through its counsel, on April 22, 2020, none.").

investigation of Ms. Guerrero's charge. The only documents JUMBO has is a few emails after the investigation ended, but admits that "Defendant has not located other documents in its possession that are responsive to this request." *See* Ex. 1, Supp. Resp. No. 10.

Defendant mischaracterizes the issue stating that the EEOC is simply "dissatisfied with the volume of Defendant's production;" but the real issue is that the EEOC knows there are responsive documents (i.e. Ms. Guerrero's terminations letters and EEOC Charge) that JUMBO should have in electronic form but cannot locate due to its inadequate ESI search. Certainly, JUMBO's production is full of "discrepancies or inconsistencies" that warrant an inspection by the EEOC of its ESI. *See In re Abilify,* 2017 WL 9249652, at *4 (ordering forensic examination of certain electronic devices when inconsistencies were discovered in production); *see also Ameriwood Indus., Inc. v. Liberman*, 194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing plaintiff to mirror image defendant's computers where there were "troubling discrepancies" with respect to defendant's document production).

Therefore, for all the document requests that Defendant claims there are no responsive documents, including but not limited to those raised in the Motion for DR Nos. 27, 28, 34, 35, and 37, still remain as outstanding disputes between the parties given the deficient ESI search JUMBO conducted. Thus, EEOC's inspection of ESI as agreed in the parties' Scheduling Order is warranted.

## II. New Discovery Issues After JUMBO Withdrew its Conferral Agreement[3]

**Individuals Hired Rog. 9.** The EEOC has narrowed the scope of Rog. 9 asking for a list of all the individuals hired to work at JUMBO for the limited time period of March 1, 2016 through March 20, 2017 (last date of employment by Mr. Peralta). This information is relevant to the EEOC's allegations that two times JUMBO hired a younger person to replace Ms. Guerrero during her employment. Rog. 9 specifically asks for (i) first and last name; (ii) date of hire; (iii) all persons involved in making the decision to hire the individual; (iv) rate of pay for hired individual; (v) position and department individual was hired for; and (vi) date of birth of individual. The time period is narrowly tailored, seeking responses for approximately one year. Knowing this information across all stores will effectively gather the responses to show JUMBO's discriminatory intent. Notably JUMBO has not raised a burdensome objection and so there is no reason to expect that a large group of individuals were hired during this timeframe. Also, JUMBO cites no authority to support its objection that it cannot provide this information because individuals have a "reasonable expectation of privacy." *See e.g. Principe v. Seacoast Banking Corp. of Fla.*, No. 09-14428-CIV-MOORE, 2010 WL 2976766, at *2 (S.D. Fla. July 20,

---

[3] JUMBO's supplemental responses provided after the Motion, resolve the privilege log issue and Rogs 3, 4, and 8.

2010) (overruling Magistrate Judge's finding that FMLA information should remain confidential and ordering the information to be produced).

Rog. 9 is permissible to see the age of the individuals that were hired, including those that replaced Ms. Guerrero. Information on whether JUMBO was hiring younger individuals to replace older workers is discoverable as "me too" evidence—evidence that shows that on other occasions JUMBO hired other younger individuals to replace older workers. "In the context of employment discrimination, the Eleventh Circuit has held 'me too' evidence may be admissible under Rule 404(b) to prove the employer's motive, intent, or plan to discriminate against a plaintiff." *Capasso v. Collier Cty.*, No. 212CV499FTM38DNF, 2014 WL 12607856, at *4 (M.D. Fla. Nov. 26, 2014). Rule 404(b) allows "me too" evidence to prove that the "defendant harbored a discriminatory intent." *See E.E.O.C. v. Outokumpu Stainless USA, LLC*, 205 F. Supp. 3d 1287, 1292 (S.D. Ala. 2016). Rog. 9 will allow the EEOC to show that younger employees were hired to replace older workers as "me too" evidence. Knowing the rate of pay of the hired worker is relevant to show motive—mainly that JUMBO was motivated to hire younger workers believing it could pay them less. Rog. 9 should not be limited to those under the age of 40 because the ADEA looks at the difference in age between the older discriminated employee and her replacement, even if the replacement is over 40. *See Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1299 (11th Cir. 2015) (holding that age discrimination still occurs even if the younger replacement is also over 40). Thus, responses to Rog. 9 will show JUMBO's discriminatory intent towards older workers. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11th Cir. 2008) (finding bad actors' behavior in situations similar to plaintiff's claims are relevant to show that employer permitted an "atmosphere of racial discrimination").

**Employee Lists DR No. 18.** The EEOC narrowed DR No. 18 to documents that reflect the employees that work in the two JUMBO locations that Ms. Guerrero worked at who were managed by Mr. Peralta (bad actor), Mr. Flores (owner), or Ms. Alvarez (HR). The time period is from Ms. Guerrero's first date at JUMBO to her last day. The request seeks employee name, position, date of birth, department, and rate of pay. JUMBO agreed to this narrowed request, but then withdrew its agreement adding new objections to the EEOC's broader original request. JUMBO has not objected to the EEOC's narrowed request.

DR No. 18 is relevant to understand how JUMBO is organized and structured. The EEOC needs to learn the number of individuals within Ms. Guerrero's department and who was their manager. JUMBO's main defense is that Mr. Peralta did not have authority to fire Ms. Guerrero. DR No. 18 is limited to the two locations where Ms. Guerrero worked. DR No. 18 will help clarify the issue of Ms. Guerrero's transfer and decrease in pay. These employees are also potential witnesses to how

Mr. Peralta treated Ms. Guerrero, including what transpired when she was transferred and later terminated. With this information, the EEOC will be able to rebut JUMBO's claim that the General Manager did have authority to terminate Ms. Guerrero.

**Ownership Structure DR No. 26**. JUMBO maintains that it does not have any documents that "explain the chain of command for employees and management." Given JUMBO's deficient ESI "searches," it is doubtful that no documents exist, and thus an ESI inspection by the EEOC is required.

**Termination Letters DR No. 39**. JUMBO claims it has no metadata for the two key termination letters, however, this is likely because of the deficient ESI "search." The inadequate search terms and methodology never yielded the results of these termination letters in the first place. The EEOC seeks the metadata of the date created, author, custodian, and date revised. Discovery of metadata does not fall under a higher standard under the Rules, and must be produced. *See Henderson v. Tallahassee Mem'l Healthcare, Inc.*, No. 4:09CV208-RH/WCS, 2010 WL 11527305, at *1 (N.D. Fla. Jan. 7, 2010).

**EEOC's Attorneys' Fees and Costs[4].** "Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel discovery is granted, the Court must require the party whose conduct necessitated the motion or the attorney advising that conduct, or both, to pay the movant's reasonable fees in making the motion unless (1) the movant filed the motion before attempting in good faith to obtain the discovery with court action, (2) the opposing party's response or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. *See Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 878704, at *6 (S.D. Fla. Mar. 6, 2017). JUMBO never responded to the EEOC's request for fees in its Response, and therefore, the fee request is unopposed and should be granted. *See Gulati v. Ormond Beach Hosp., LLC*, 618CV920ORL37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018).

JUMBO's conduct was not substantially justified and served no purpose other than to require the EEOC to file a motion and expend the Court's resources, especially considering that JUMBO had already agreed to supplement its discovery for the majority of issues. Only after the Motion was filed did JUMBO finally respond to the EEOC's conferral email withdrawing its prior agreements and forgetting the conferral discussion it had a six-weeks prior. JUMBO is playing discovery games by first agreeing to discovery, then withdrawing that agreement as soon as the Motion is filed, and overall failing to confer in good faith. The EEOC's attorneys' fees and expenses should thus be awarded.

---

[4] In a conclusory fashion, JUMBO requests fees and costs in its Response for having to respond to the EEOC's Motion. JUMBO cites no authority or reason to justify awarding JUMBO fees. The EEOC has made several efforts to confer, negotiate, and resolve these issues without court intervention, but JUMBO failed to meaningfully engage with the EEOC. The EEOC therefore objects to JUMBO's request for fees and costs because the EEOC's Motion was substantially justified.

Respectfully submitted June 22, 2020.

## CERTIFICATE OF CONFERRAL

 Undersigned Counsel for the EEOC and Counsel for Defendant conferred, but were unable to resolve these discovery disputes.

               /s/ Carmen Manrara Cartaya
               Carmen Manrara Cartaya
               Trial Attorney
               Fla. Bar No. 73887
               E-mail: carmen.cartaya@eeoc.gov
               Telephone: (786) 648-5811
               U. S. Equal Employment Opportunity Commission
               Miami District Office
               Two South Biscayne Blvd., Suite 2700
               Miami, FL 33131

<u>*CERTIFICATE OF SERVICE*</u>

I, Carmen Manrara Cartaya, HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>/s/ Carmen Manrara Cartaya</u>
Carmen Manrara Cartaya

## SERVICE LIST

Carmen Manrara Cartaya
Trial Attorney
U.S. Equal Employment
Opportunity Commission
Beatriz Andre
Supervisory Trial Attorney
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Telephone: (786) 648-5811
*Attorneys for Plaintiff*


Defenders of Business
Adi Amit, P.A.
101 NE Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Telephone (954) 533-5922
*Attorneys for M1 5100 Corp*

## SERVICE LIST

Carmen Manrara Cartaya
Trial Attorney
U.S. Equal Employment
Opportunity Commission
Beatriz Andre
Supervisory Trial Attorney
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Telephone: (786) 648-5811
*Attorneys for Plaintiff*


Defenders of Business
Adi Amit, P.A.
101 NE Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Telephone (954) 533-5922
*Attorneys for M1 5100 Corp*