UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-cv-81320-DIMITROULEAS/MATTHEWMAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

M1 5100 CORP., d/b/a JUMBO
SUPERMARKET, INC.,

    Defendant.
_____/

FILED BY KJZ D.C.

Jul 2, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [DE 35]

**THIS CAUSE** is before the Court upon Plaintiff, Equal Employment Opportunity Commission's ("Plaintiff") Motion to Compel a Privilege Log, Better Discovery Responses, and Fees ("Motion") [DE 35]. The Motion was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 19. Defendant, M1 5100 Corp., d/b/a JUMBO Supermarket, Inc. ("Defendant") has filed a response [DE 37], and Plaintiff has filed a reply [DE 38]. The parties also filed a Joint Notice [DE 39]. The Court held a hearing on the Motion via Zoom video teleconference (VTC) on June 29, 2020. The matter is now ripe for review.

### I.    BACKGROUND

Plaintiff filed its Complaint [DE 1] under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a) (the "ADEA"). Plaintiff alleges that Defendant discriminated against Charging Party Angela Araujo Guerrero (a cook manager) when it reduced

1

her pay and fired her because of her age in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

In its Motion, Plaintiff originally sought responsive documents to several of its requests for production, supplemental responses to several of its interrogatories, the production of a privilege log, inspection of Defendant's electronically stored information ("ESI"), and sanctions against Defendant. However, Defendant eventually provided Plaintiff with supplemental discovery responses after the Motion was filed, and, as ordered by the Court [DE 36], the parties also further conferred about the discovery disputes. After further conferral, the issue regarding the privilege log has been resolved as have the disputes regarding Interrogatories No. 6 and 10.

Thus, at this point, Plaintiff only seeks better responses to two discovery requests—Interrogatory No. 9 and Request for Production No. 18. [DE 39, pp. 3-5]. Plaintiff is also seeking attorney's fees and costs incurred in filing the Motion. *Id.* at p. 5. Finally, Plaintiff still seeks the opportunity to inspect Defendant's ESI because, by Defendant's counsel's own admission, Defendant "self-collected" responsive documents and information to the discovery requests without the oversight of its counsel. *Id.* pp. 1-2.

As stated in open court and as further specified below, the Court finds that the Motion should be granted in part as to Interrogatory No. 9 and Request for Production No. 18. The Court will also address the "self-collection" issue regarding Defendant, order further conferral on the ESI issue, and reserve jurisdiction on Plaintiff's requests for costs and attorney's fees.

## II.  THE PERILS OF SELF-COLLECTION OF ESI BY A PARTY OR INTERESTED PERSON WITHOUT THE PROPER SUPERVISION, KNOWLEDGE, OR ASSISTANCE OF ITS COUNSEL

With regard to Plaintiff's request to inspect Defendant's ESI, the Court finds as follows. Defendant's counsel, Dallan Vecchio, Esq., signed Defendant's original discovery responses dated April 20, 2020. [DEs 35-1, 35-2]. However, Defendant stated in its response to the Motion that, "[d]uring conferral, Plaintiff requested Defendant's specific search efforts regarding ESI. At that time, undersigned counsel was not aware of all the specific efforts made." [DE 37, p. 4]. Defendant's counsel also represented at the June 29, 2020 hearing that he did not supervise his client's ESI collection efforts. Plaintiff's counsel stated at the hearing that the two individuals who searched for documents and information responsive to Plaintiff's discovery requests on Defendant's behalf are self-interested parties and are employees of the Defendant.

This issue of "self-collection" of discovery documents, and especially of ESI, by Defendant in this case, without adequate knowledge, supervision, or participation by counsel, greatly troubles and concerns the Court. The Court will first address the law regarding this issue.

Federal Rule of Civil Procedure 26(g)(1) states in relevant part that

Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name….By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and (B) with respect to a discovery request, response, or objection, it is (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26. "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." *See* Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 26(g). "An attorney is entitled to rely on the assertions of the client, provided that 'the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances.'" *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626 (D. Colo. 2007) (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 26(g)). A party's

> discovery obligations also include the duty to use reasonable efforts to locate and produce ESI responsive to the opposing party's requests and within the scope of discovery. To enforce these responsibilities, the attorney's signature on a discovery response "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information . . . responsive to the discovery demand' and has made 'reasonable inquiry into the factual basis of his response."

The Sedona Conference Working Group on Electronic Document Production, *The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production* ("*The Sedona Principles*") p. 119 (3d. ed 2018)[1] (quoting Advisory Comm. Note to Rule 26(g)).

The relevant rules and case law establish that an attorney has a duty and obligation to have knowledge of, supervise, or counsel the client's discovery search, collection, and production. It is clear to the Court that an attorney cannot abandon his professional and ethical duties imposed by the applicable rules and case law and permit an interested party or person to "self-collect" discovery without any attorney advice, supervision, or knowledge of the process utilized. There is simply no responsible way that an attorney can effectively make the representations required under

---

[1] Available for download at https://thesedonaconference.org/download-publication?fid=3575.

4

Rule 26(g)(1) and yet have no involvement in, or close knowledge of, the party's search, collection and production of discovery. In this case, it appears that Defendant's counsel left it to the client and the client's employees to determine the appropriate custodians, the necessary search terms, the relevant ESI sources, and what documents should be collected and produced. When combined with Plaintiff's assertion that only 22 pages of documents have been produced by Defendant in this complicated age discrimination case, the Court seriously questions the efficacy of Defendant's search, collection and document production. The Court will not permit an inadequate discovery search, collection and production of discovery, especially ESI, by any party in this case.

Here, Defendant's counsel seemingly failed to properly supervise his client's ESI collection process, but then he signed off on the completeness and correctness of his client's discovery responses. An attorney's signature on a discovery response is not a mere formality; rather, it is a representation to the Court that the discovery is complete and correct at the time it is made. An attorney cannot properly make this representation without having some participatory or supervisory role in the search, collection, and production of discovery by a client or interested person, or at least having sufficient knowledge of the efficacy of the process utilized by the client. Abdicating completely the discovery search, collection and production to a layperson or interested client without the client's attorney having sufficient knowledge of the process, or without the attorney providing necessary advice and assistance, does not meet an attorney's obligation under our discovery rules and case law. Such conduct is improper and contrary to the Federal Rules of Civil Procedure.

Attorneys have a duty to oversee their clients' collection of information and documents, especially when ESI is involved, during the discovery process. Although clients can certainly be

5

tasked with searching for, collecting, and producing discovery, it must be accomplished under the advice and supervision of counsel, or at least with counsel possessing sufficient knowledge of the process utilized by the client. Parties and clients, who are often lay persons, do not normally have the knowledge and expertise to understand their discovery obligations, to conduct appropriate searches, to collect responsive discovery, and then to fully produce it, especially when dealing with ESI, without counsel's guiding hand.

Applicable case law informs that "self collection by a layperson of information on an electronic device is highly problematic and raises a real risk that data could be destroyed or corrupted." *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-MD-2734, 2017 WL 9249652, at *3 (N.D. Fla. Dec. 7, 2017). In the case at hand, it is very clear that Defendant's employees self-collected ESI in order to respond to Plaintiff's document requests without sufficient attorney knowledge, participation, and counsel. This is improper and a practice that can lead to incomplete discovery production or even inadvertent destruction of responsive information and/or documents. The Court is especially concerned that Defendant has only produced 22 pages of documents total in this case and that two self-interested employees allegedly collected the responsive documents and information.

Defendant and Defendant's counsel clearly did not employ the proper practices in responding to Plaintiff's discovery requests. And, the Court is not impressed by the repeated delays in production that have occurred in this case by Defendant. This has caused the Court to seriously consider Plaintiff's request that it be permitted to inspect how Defendant's ESI was searched, collected and produced. However, "[i]nspection of an opposing party's computer system under Rule 34 and state equivalents is the exception and not the rule for discovery of ESI." *The*

*Sedona Principles* at p. 128. "Special issues may arise with any request for direct access to ESI or to computer devices or systems on which it resides. Protective orders should be in place to guard against any release of proprietary, confidential, or personally identifiable ESI accessible to the adversary or its expert." *Id.* at p. 152. The Court agrees with these propositions and normally only permits inspection of an opposing party's ESI collection and production procedures, computer system, cellular phone, or other platforms when all other reasonable solutions have been exhausted or when the Court suspects bad faith or other discovery misconduct.

Therefore, in light of the fact that the discovery cut-off date in this case is approximately five months ahead, the Court will give Defendant one last chance to comply with its discovery search, collection and production obligations. The Court will not permit Plaintiff to inspect Defendant's ESI at this time and will withhold ruling on that issue until the parties have had the opportunity to further confer. The discovery process, particularly when ESI is involved, is intended to be collaborative. *See* Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary,* https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf. Thus, the Court will require the parties to further confer on or before July 9, 2020, to try to agree on relevant ESI sources, custodians, and search terms, as well as on a proposed ESI protocol. The parties can submit any proposed orders or agreements to the Court.

On or before July 10, 2020, the parties shall file a joint notice regarding the ESI search, collection and production issue, the inspection issue, whether they wish for the Court to enter any further order(s), and whether the Court needs to set another hearing and resolve any outstanding issues. The conferral process again ordered by the Court must be robust, completed in good faith,

7

and must take as long as necessary to fully address all discovery search, collection, and production issues. Failure to comply shall result in sanctions on the offending attorney and party.

The Court once again warns Defendant and Defendant's counsel that counsel must take a role in assisting Defendant with the search, collection, and production of discovery and must ensure that Defendant's production is complete and correct at the time it is made. Fed. R. Civ. P. 26(g)(1). Counsel or Defendant may also consider retaining an ESI vendor to assist with the process if they deem it necessary. But, however it is accomplished, full discovery must be promptly provided by Defendant. Both Defendant and Defendant's counsel may be sanctioned for failing to fully and completely respond to all discovery requests.

The Court notes that it is not finding at this time that Defendant's counsel has acted in bad faith or has committed any discovery misconduct whatsoever; rather, the Court will give Defendant's counsel the benefit of the doubt and suspects that, during these difficult times of the COVID-19 pandemic, counsel's involvement in the discovery process with his client has been unusually difficult. However, the Court does not want to see these problems continue. The Court also directs Defendant's counsel to impress upon Defendant that it must promptly respond to discovery or it will be subject to sanctions. The Court expects to see no more discovery delays.

The Court reserves jurisdiction as to Plaintiff's request for an ESI inspection and for an award of costs and attorney's fees in favor of Plaintiff and against Defendant and/or its counsel. The Court will re-address these issues after the court-mandated further conferral occurs and the Court hears further from the parties.

Based on the forgoing, and as stated in open court, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Compel a Privilege Log, Better Discovery Responses, and Fees [DE 35] is **GRANT IN PART AND DENIED IN PART.**

2. The parties shall fully confer in good faith on or before **July 9, 2020**, and attempt to agree on relevant ESI sources, custodians, and search terms, as well as on a proposed ESI protocol and all other related discovery issues. The parties can submit any proposed orders or agreements or joint motions to the Court for its consideration. Assuming that the parties do reach an agreement, Defendant's attorneys shall counsel and supervise Defendant and Defendant's employees during the discovery search, collection, and production process and become knowledgeable of that process. If any disputes remain, the parties can list them in the joint notice, and the Court will promptly set a further hearing or rule on the papers.

3. On or before **July 10, 2020**, the parties shall file a joint notice regarding the ESI inspection issue, any search, collection and production issues of discovery by Defendant, and any other related discovery issues. The parties shall **concisely** describe the issues they have resolved, the issues in dispute (if any), the parties' respective positions, whether they wish for the Court to enter any further order, and whether the Court needs to set another hearing to resolve any outstanding issues. The Court advises the parties that it intends to closely supervise the discovery process in this case to ensure that both parties and their counsel comply with all discovery obligations.

4. The Motion is GRANTED IN PART as to Interrogatory No. 9. On or before **July 9, 2020**, Defendant shall fully and completely respond to Interrogatory No. 9 as narrowed by Plaintiff in the Joint Notice [DE 39, p. 3] and also as limited by the Court to the two

locations where the Charging Party worked. This ruling is without prejudice to Plaintiff's ability to later seek additional information about Defendant's other two locations if Plaintiff subsequently believes that it has a good faith basis to do so.

5. The Motion is GRANTED IN PART as to Request for Production No. 18. On or before **July 9, 2020**, Defendant shall fully and completely respond to Request for Production No. 18 as narrowed by Plaintiff in the Joint Notice [DE 39, p. 4], and as limited by the Court to the time period of May 1, 2016, through March 31, 2017, and also limited in scope to the two locations where the Charging Party worked. The Court is not ordering Defendant to prepare a list that is not already in its possession, custody or control, although it may do so if it chooses to do so, but the Court is ordering Defendant to produce any responsive documents to the narrowed interrogatory as required by the applicable rules or as agreed to by the parties. This ruling is without prejudice to Plaintiff's ability to later seek additional information about Defendant's other two locations and/or a broader time period if Plaintiff subsequently believes that it has a good faith basis to do so.

6. The Court reserves ruling on Plaintiff's request for an award of attorney's fees and costs incurred in filing Plaintiff's Motion until after the parties have filed their joint notice and Defendant has responded to Interrogatory No. 9 and Request for Production No. 18.

7. The Motion is DENIED to the extent that certain issues are moot. The Court need not rule on the privilege log issue as that issue was resolved by the parties' counsel. The parties shall abide by their agreements as described in the Joint Notice as to

Interrogatory No. 6 and 10. [DE 39, p. 6].

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of July, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge