UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-cv-81320-DIMITROULEAS/MATTHEWMAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

M1 5100 CORP., d/b/a JUMBO
SUPERMARKET, INC.,

    Defendant.
_____/

FILED BY **KJZ** D.C.

Sep 11, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER ON PLAINTIFF'S AND DEFENDANT'S
MOTIONS TO COMPEL [DE 46, 47]**

**THIS CAUSE** is before the Court upon Defendant, M1 5100 Corp.'s ("Defendant") Motion to Compel Discovery [DE 46] and Plaintiff, EEOC's ("Plaintiff") Renewed Motion to Compel Production of Documents, Production of Unredacted Documents, and Fees & Costs [DE 47]. The motions were referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 19. The motions are fully briefed. *See* DEs 48, 52, 53, and 58. The parties also filed a Joint Notice [DE 61]. The Court held a hearing on the motions via Zoom video teleconference (VTC) on September 10, 2020. The matter is now ripe for review.

The Court has carefully considered the relevant law, the motions, responses, replies, the discovery requests and responses, the Joint Notice, the argument of both parties' counsel at the discovery hearing, and the Court's prior Order in this case, as well the entire docket in this case. Based on the foregoing, and as stated in open court on September 10, 2020, it is hereby **ORDERED** as follows:

1

1. Defendant's Motion to Compel Discovery [DE 46] is **GRANTED IN PART AND DENIED IN PART**.

    a. For Interrogatory No. 8, Plaintiff shall file a supplemental response, on or before **September 28, 2020**, providing the following information, but limited to the five-year period preceding this Order: (1) any statements under oath made by the charging party, Ms. Guerrero, regarding her employment with Defendant; (2) any other labor lawsuits Ms. Guerrero has filed, as well as the case numbers; (3) any labor or wage claims or disputes made by Ms. Guerrero; and (4) any claims or charges of discrimination made by Ms. Guerrero in the last five years. If Plaintiff has a good-faith basis to file a motion for reconsideration (containing applicable case law) regarding the claims or charges of discrimination, Plaintiff shall do so within five calendar days of the date of this Order. Defendant shall respond within five calendar days of Plaintiff's motion.

    b. For Interrogatory No. 9, Plaintiff has agreed to supplement its response by **September 28, 2020**.

    c. Defendant's Motion to Compel is DENIED as to Interrogatory No. 12, as Plaintiff's response is sufficient.

    d. For Interrogatory No. 13, Plaintiff shall file a supplemental response, on or before **September 28, 2020**, providing information regarding all user names and handles Ms. Guerrero uses on any and all social media accounts that include any information regarding her employment with Defendant or any statements

      made adverse to this litigation.

  e. For Requests for Production No. 29-39, Plaintiff has agreed to produce all of Ms. Guerrero's tax returns, W-2s, and other financial documents from 2016-2020. Plaintiff has also agreed to produce all of Ms. Guerrero's wage information and W-2s from 2015. Plaintiff shall produce these documents by **September 28, 2020**. By the same date, Plaintiff shall also confirm to Defendant whether there are any corporate tax returns related to Ms. Guerrero from 2016 through 2020. Ms. Guerrero's 2015 tax return shall not be produced as it is not relevant or proportional under Fed. R. Civ. P. 26(b)(1).

  f. For Requests for Production No. 1, 4, 17, 43, and 75-77, Plaintiff shall supplement its responses on or before **September 28, 2020**, to clarify whether all responsive documents within the possession, custody, and control of Plaintiff and also within the possession, custody, and control of Ms. Guerrero have been produced.

  g. Defendant's Motion to Compel is DENIED as to Request for Production No. 7.

2. Plaintiff's Renewed Motion to Compel Production of Documents, Production of Unredacted Documents, and Fees & Costs [DE 47] is **GRANTED.**

  a. With regard to the parties' dispute over the wording of a proposed confidentiality order, the Court finds that, when a party seeks to file a document under seal, the burden of proving that said document should be sealed or remain sealed rests with the party who designated it as confidential in the first place.

  b. The parties shall promptly file a motion for entry of the proposed confidentiality

      order, shall file the proposed confidentiality order as an exhibit to the motion, and shall email the proposed confidentiality order in Word format to matthewman@flsd.uscourts.gov.

c. Defendant is required to produce the unredacted documents at issue in the motion on or before **September 17, 2020**.

d. Plaintiff's request for an award of attorney's fees and costs is GRANTED pursuant to Fed. R. Civ. P. 37(a)(5)(A). However, the Court is limiting the scope of the award of attorney's fees and costs to fees and costs incurred by Plaintiff's counsel in drafting the Renewed Motion to Compel, reviewing Defendant's response, drafting a reply, and preparing for and attending the hearing on the Renewed Motion to Compel. In order to assist the Court in determining a reasonable award of attorney's fees and costs pursuant to this Order, Plaintiff shall file an appropriate affidavit with the Court on or before **September 24, 2020**, documenting all attorney's fees and costs. The affidavit should include the amount of **<u>reasonable</u>** attorney's fees sought, hours expended, services rendered, and hourly rate sought. Defendant shall have until on or before **October 8, 2020**, to file a response or objections to the hourly rate claimed by Plaintiff's counsel and the number of hours incurred by Plaintiff's counsel. Thereafter, Plaintiff shall have until on or before **October 15, 2020**, to file any reply to Defendant's response. The Court will then determine the amount of reasonable attorney's fees and costs, which shall be paid by Defendant to Plaintiff, and enter a further written Order.

3. The Court has had enough of the discovery bickering and delays in this case. All parties and counsel are on notice that further discovery violations or failures to cooperate in good faith shall result in sanctions. The Court will not impose sanctions against Defendant at this time for its failure to fully participate in the filing of the Joint Notice. However, if Defendant fails to comply with any future Court Orders, the Court will not hesitate to impose sanctions against both Defendant and its counsel.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of September, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge